UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VICKI L. CHANEY GOODEN
c/o X MINOR                                                                                        PLAINTIFF

VS.                                                             CIVIL ACTION NO. 3:22-cv-271-DPJ-FKB

JACKSON PUBLIC SCHOOLS;
SOUTH TRANSPORTATION DEPARTMENT;
ELEMENTARY EDUCATION DEPARTMENT; and
CHRISTY DAVIS                                                                                 DEFENDANTS

REPORT AND RECOMMENDATION

Vicki Gooden filed a Complaint [1] in this Court on May 23, 2022, as well as a Motion for Leave to Proceed *in Forma Pauperis* [2]. The motion [2] requests permission to proceed in district court without prepaying fees or costs.

After a review of the Affidavit in Support of the Application [2] to proceed without prepayment, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Both Plaintiff and her spouse have a monthly income, they own two motor vehicles, and they pay for motor vehicle insurance and health insurance.

Section 28 U.S.C. 1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,

> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, the undersigned finds that she could pay the filing costs without undue financial hardship if given ninety days to pay the filing fee. Plaintiff will not be rendered destitute by paying the filing fee in ninety days, as she does have a place to reside, motor vehicles, and a monthly income of her own in addition to her spouse's income. Because she will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied and that Plaintiff be given ninety days to pay the filing fee in this cause. As such, all of the costs associated with the filing of this lawsuit should be paid on or before August 29, 2022.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event she desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served[1] with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 31st day of May, 2022.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to Fed. R. Civ. P. 5(b)(2)(C), mailing a copy of this order to Plaintiff's last known address is sufficient to serve Plaintiff with this order. The undersigned's staff shall mail this order to Plaintiff at the last known address provided to the Court, as indicated on the Court's docket.